By the Court. Slosson, J.
It seems to me that the right of this case, with some slight modification in the amount of the verdict, has been attained by the result of this trial.
The agreement between the parties was, that the cotton, on its arrival in New York, should either be sold orbe divided in equal shares. At this time there were only four parties in interest, the plaintiff represents one-sixth, the defendants one-sixth, and Wood four-sixths. The cotton consisted of three parcels: one of sixty- *260 six "bales, which was the poorest of the lot, being damaged, and the other two consisting together of two hundred and fifty-two bales.
The plaintiff had paid defendants for his full share of the cost of the whole three hundred and eighteen bales. After the arrival of the two hundred and fifty-two bales in Hew York, the plaintiff and Wood proceeded to divide it, without, so far as the evidence shows, the knowledge of the defendants. Wood took five-sixths of this lot, though entitled to but four-sixths, as his full share of the whole three hundred and eighteen bales, though he says he is entitled to two bales out of the sixty-six to make up his full quota, and so he would be if the bales were all of equal value, as, numerically,five-sixths of two hundred and fifty-two bales falls short by two bales of four-sixths of three hundred and eighteen bales.
In this division, the plaintiff got his one-sixth of the 252 bales only.
On the arrival of the sixty-six bales in Hew York, they were all received by the defendants, and sent by them to their mills at Trenton in Hew Jersey.
Had the defendants intended to insist on a sale of the whole three hundred and eighteen bales, or an exact division of the whole according to value, they should never have assumed exclusive ownership over the sixty-six bales, and sent them away. In any aspect, it was numerically 13 bales more than their full share of the three hundred and eighteen bales. Gaunt said they were sent by mistake, and he was willing to bring them back, and he claimed that he was entitled to a share of the two lots which Wood and plaintiff had divided. It may be that he was, but as plaintiff had got no more than his fair share of those two lots, the defendants should look to Wood, who saw fit to appropriate the best cotton, to make good his entire proportion of the whole. The plaintiff, meantime, is entitled to his one-sixth of the remaining sixty-six bales in order to complete his quota, having paid the defendants for his share of the whole three hundred and eighteen bales.
The defendants, in fact, have both his money and his cotton. The idea of a sale of the cotton, after its arrival in Hew York, appears to have been abandoned by all parties; by Wood and the plaintiff, for they proceeded to divide the two hundred and fifty-two bales; and by defendants, for they sent away the whole *261 sixty-six bales to their manufactory in New Jersey. If this was by mistake, as Gaunt says it was, the mistake should have been rectified by bringing back the cotton before suit; but that the defendants had no idea of a sale is further manifest from Gaunt’s telling the plaintiff that he would send for the sixty-six bales, and he might have his eleven bales if he wished them. I do not thinkthe plaintiff was bound to do this and take the risk of any deterioration in the cotton by its trans-shipment, etc.
If a division and not a sale of the entire lot was the result to which the parties came after- the arrival of the cotton in New York, as I think is manifest from the acts and declarations of the parties, then the defendants, on making good to the plaintiff the cost price of the eleven bales, will have remainingin their hands the value of fifty-five bales, being in the number of bales two more than their share of the three hundred and eighteen. If Wood claims these two bales, it will be a question to be settled between them, whether this is or not a fair offset for the greater value of the bales which Wood took for his share; at all events¡ even if an account should become proper between those parties the plaintiff has no interest in the dispute, since he gets only his one-sixth of the good and the bad cotton in any event.
I think the defence savors somewhat of technicality in insisting that unless the transaction amounts to a literal purchase by plaintiff of defendants of eleven bales, the action must fail. I think the plaintiff was injudicious in declaring in that form, but the gist of the action is a conversion of the property by defendants, and the plaintiff has clearly, I think, established his right to the possession of it.
In one aspect it was a sale and purchase, for the cotton appears to have been originally bid off without any definite understanding as to the future disposition of it; the agreement for a division was made after the purchase of the cotton. Gaunt bid off the sixty-six bales and Wood the residue. Until the agreement for a division, therefore, each lot was the property of the one who bought it, and the sixty-six bales belonged to Gaunt (the defendant). The agreement to pay and divide in equal shares, was, therefore, in legal effect, an agreement by each to purchase and pay for an aliquot share.
The Judge, in putting the case to the jury in the aspect of a *262 sale and purchase, presented the case as favorably for the defendants as it could be done, especially when so presented in connection with the alternative aspect of it as a mere partnership transaction requiring an account. The jury, in weighing the evidence, seem to have taken this view of the matter, and I do not think they were essentially mistaken.
The verdict is too large; there is no evidence of any rise in damaged cotton. It was admitted that there were twenty-nine thousand three hundred and seventy pounds in the sixty-six bales; this, at five cents a pound, is equal to $1,468.50, of which one-sixth is $244.75. This sum should be the basis of the verdict. Interest should be allowed on this sum from the time of the payment, and an adjustment of the expenses paid by each party as admitted by the case.
Unless the parties' can agree on this, there must be a reference to the clerk to make the adjustment, and judgment then entered for plaintiff.
As no point was made of any of the exceptions taken in the progress of the trial, except on the motion to dismiss the complaint, I have not adverted to them, and in respect to the latter motion, it is covered by the foregoing opinion.